**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VIVIAN EARL McDANIEL,

    Petitioner - Appellant,

v.

WARDEN, U.S. PENITENTIARY,
LEAVENWORTH,

    Respondent - Appellee.

No. 02-3010
(D.C. No. 01-CV-3020-RDR)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vivian Earl McDaniel, a federal prisoner proceeding *pro se*, filed the instant 28 U.S.C. § 2241 petition in district court seeking to enjoin the respondent warden and "anyone acting in concert with him" from honoring a detainer lodged against him by the state of Tennessee. McDaniel asserted that his conviction in Tennessee state court, upon which the detainer was based, was obtained in violation of the provisions of the Interstate Agreement on Detainers ("IAD"). The district court dismissed the petition without prejudice so that McDaniel could exhaust his state and administrative remedies. This court construes McDaniel's notice of appeal as a request for a certificate of appealability ("COA"). *See Montez v. McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000) ("[A] federal prisoner seeking to challenge a detainer arising out of process issued by a state court must obtain a COA in order to appeal a district court order denying relief."); Fed. R. App. P. 22(b) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

To be entitled to a COA, McDaniel must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

-2-

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In response to the district court's order, McDaniel asserts that he need not seek discretionary review from the Tennessee Supreme Court in order to exhaust his state remedies. The cases relied on by McDaniel to support this proposition were all decided before *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), wherein the Supreme Court held that discretionary appeal to the state's highest court is a necessary predicate to proper exhaustion. Furthermore, McDaniel's assertion that he was prevented from exhausting his state remedies because of the violation of the anti-shuttling provisions of the IAD is belied by the record. McDaniel filed a state habeas petition in Tennessee circuit court in 1999, but failed to seek discretionary review in the Tennessee Supreme Court. Because the district court's procedural ruling is not reasonably debatable, McDaniel is not entitled to a COA. Accordingly, this court **DENIES** his request for a COA and **DISMISSES** this appeal for substantially those reasons set out in the district court's orders dated May 21, 2001 and January 14, 2002.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-